Anderson, J.
delivered the opinion of the court.
The court is of opinion, that the execution of the bond for $4,133 98 cents, by John W. Wilson, executor of David H. Clark, to C. D. Bennett, the second guardian, does not discharge the estate of said Clark from its primary liability to the appellee, for so much of ■her estate as was received by said Clark as guardian. And it appearing that the said David H. Clark departed qhis life on the 23d of April 1861; that John W. Wilson qualified as his executor, and as such was guardian *373 in fact of the said appellee, until the qualification of tbe appellant, on the 21st of April 1862; and that the estate of said Clark was indebted to his said ward in the sum of $4,237 81 cents; and that the disbursements made by his executor for her benefit, from the death of the decedent to the 21st of April 1862, exceeded the profits which came into the hands of the said executor by the sum of $36 81 cents; the court is of opinion, that the estate of David H. Clark, on the 21st day of April 1862, was liable to the said appellee for the said sum of $4,237 81, less the sum of $36 81 aforesaid, balance due the executor on profit account.
And it appearing further, from the answers of both said Wilson and Bennett, that the former paid to the latter, upon the bond aforesaid, the sum of $2,551 11 cents, at different periods, in Confederate currency, the court is of opinion, that the said appellee, Ellen A. Claiborne, is entitled to a decree against the estate of David H. Clark, for the said sum of $4,237 81, less the sum of $36 81, with interest from the 21st of April 1862 till paid, subject to a credit for the sum of $2,551 11 at its scaled value, at the dates of payment.
The court is further of opinion, that the appellant, in the re-statement of his guardianship account should be debited with the sum so to be credited as aforesaid, to the estate .of David H. Clark,' and with the sealed value of all monies received by him, except the sum of $249 75, D. T. Harvey’s bond and the'interest he received thereon, being a land bond executed to his predecessor, D. H. Clark; he should be charged with the face thereof, and should be credited by only the scaled value of. the disbursements made by him, including the amount paid by him to S. D. Drewry, his successor, except to the amount of the principal and interest he collected on said bond, and to that extent should be credi *374 ted for his disbursements without sealing; - it appearing that he paid off old debts without sealing, exceeding that amount. The balance struck will show the state of the account between the appellant and his ward.
The court is of opinion that there is no error in the decree sustaining appellant’s exceptions Ho. 3 and 5, to report of commissioner G-. D. Heal; and that the appellant should be allowed to discharge his liability for the bonds referred to in said 5th exception, by bringing them into court and filing them with the papers in the cause, to be turned over to the appellee, Ellen A. Claiborne. The court is also of opinion, that as the expenditures for the ward by her guardian Bennett, and the executor Wilson did not exceed the aggregate of her income from the whole of her estate, and were not greater than her station in life, and her estate justified, the said guardians are entitled to be credited for said disbursements. Foreman v. Murray & wife, 7 Leigh. 412.
But the court is of opinion that there is error in the decree, in not sustaining the first exception of appellant to said commissioner’s report, in crediting him for $200 less than he was entitled to ; which seems to be an error in addition, and is not likely to occur in rem odelling the account.
There is no exception to the statement of the guardianship account of Samuel D. Drewry: and there is no error in the decree against him. It is considered therefore, by the court, that the decree of the Circuit court, so far as it is in conformity with the principles herein declared, be affirmed; and so far as it is not in conformity thereto, be reversed and annulled; and that the appellee, John W. Wilson, executor of D. H. Clark, out of the assets in his hands to be administered, pay +0 the appellant his costs in prosecuting.his appeal here; and that the cause be remanded to the Circuit court of Pitt *375 svlvania county, with instructions to recommit the guardianship account of G. D. Bennett to a commissioner thereof, to be restated, in conformity with the principles herein declared; and for further proceedings to be had therein.
Decree reversed.